**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **NO. A-10-CR-057 LY** |
| | § | |
| **JOE MANUEL FLORES** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on October 17, 2012, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I.   PROCEDURAL BACKGROUND

On July 2, 2010, Judge Lee Yeakel sentenced the Defendant to fifteen months of imprisonment, followed by three years of supervised release, for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The Defendant's initial term of supervision commenced on February 25, 2011. The Defendant began having problems with his supervision almost immediately, and on September 2, 2011, that term of supervision was revoked. Flores was sentenced to 60 days of imprisonment and 24 additional months of supervised release, based on the undersigned's recommendation. *See* Clerk's Doc. Nos. 58 & 59.

Flores began serving his new term of supervised release on October 17, 2011. With this term of supervision Mr. Flores initially performed better. Through May 2012, he reported as directed, remained free of marijuana use, and had sporadic employment. However, on May 15, 2011, Flores, along with his brother, was arrested and charged with possession of marijuana. He failed to notify his probation officer of the arrest within 72 hours, and was confronted about this on May 30, 2012. He was scheduled for an administrative hearing at the probation office for the following week. He thereafter failed to report as directed, or to submit urine specimens as required, and absconded from supervision. On June 20, 2012, Judge Lane issued a warrant for Flores' arrest based on a petition filed by the probation office. Flores was arrested on that warrant on October 6, 2012, when he was stopped by APD officers for questioning.

On October 17, 2012, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "true" to the charges against him.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4.      The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5.      The Defendant waived his preliminary hearing.

6.      The Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

7.      The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8.      The Government gave a summary of the evidence against the Defendant, to which the Defendant did not object.

9.      The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10.     The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11.     The Defendant violated conditions of his supervised release by: (1) failing to report as directed; (2) failing to answer truthfully the inquires of his probation officer; (3) possessing marijuana; (4) associating with persons engaged in criminal activity; and (5) failing to notify his probation officer of contact with law enforcement.

### III.    RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is III,

resulting in an (advisory) guideline range of 5 to 11 months of imprisonment. The Court has considered all of the above, and RECOMMENDS that the Defendant be sentenced to 8 months of imprisonment, with no supervised release to follow.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 19th day of October, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE